UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALKENS ULYSSE,

Petitioner,

v. Case No.: 2:26-cv-02543-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court is Walkens Ulysse's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Ulysse is a native and citizen of Haiti who lawfully entered the United States under the Haitian Humanitarian Parole Program on October 11, 2023. He has work authorization and a pending asylum application, and he previously had temporary protected status. Ulysse has no criminal history. On August 12, 2026, Border Patrol agents arrested Ulysse during a traffic stop while conducting immigration enforcement operations. A Border Patrol agent issued and served a I-200 Warrant for Arrest of Alien. It is dated August 13, 2026, but was electronically signed on August 14, 2026. The government did not commence removal proceedings until August 21, 2026, when it issued and served a notice to appear.

In his habeas petition, Ulysse claims his arrest and detention were unlawful because there was no warrant, he was not suspected of any crime, he was not in removal proceedings, and his arrest was not accompanied by any statutory or regulatory process. In response, the government certifies it is detaining Ulysse under the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

As the government acknowledges, its position is inconsistent with *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). Ulysse is not subject to mandatory detention. "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 175 F.4th at 1276. But Ulysse's arrest and detention was not lawful under § 1226 either because the government did not afford Ulysse due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for

such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Ulysse the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added). A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Ulysse's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby

**ORDERED**:

Walkens Ulysse's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Ulysse within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record